Mr. McClain, you won't all begin wishing to go to dental school in Third of August. First matter is Woods v. Pennsylvania Dept of Corrections. Mr. McClain. May it please the court, counsel, my name is Thomas McClain representing the appellant John Wayne Woods. I would ask for two minutes please for rebuttal. Mr. Woods accepted his conviction. He accepted a rather stiff sentence. He makes no collateral attack in this action on his sentence or his conviction. He served his time, and at the end of his time, he had a liberty interest because his sentence had ended. The appellees are administrators within the prison system. Those administrators changed his sentence. Mr. McClain, can I ask, just coming right out of the box this question, both sides I think at least cite and for different reasons point to our Gillis and our Williams precedents. They were hybrid cases, weren't they? Gillis, yes. Gillis involved termination after ARD, and they also, I believe both of those cases also involved the habeas. Mr. Woods' case from your standpoint is not a hybrid case, is it? No, it is not either of those, sir. It is clearly one in which he had a sentence, and there was a legal issue with that sentence that could have been brought up by the prosecutor, never was, either on appeal or at the time of sentencing could possibly have been brought up subsequently in other motions if that had worked. The state judge loses jurisdiction to change the sentence 30 days after imposition of the sentence? By rule of the Pennsylvania court, yes. Does the Supreme Court allow us by a letter which I guess in the few cases where this has happened, has letters been generated by the Department of Correction asking the judge to change the sentence and the court allows the authority in the judge to make that change even though the 30 days have run? There are limited exceptions. The court may clarify its order, and I believe in the one case that you're discussing there was a request for clarification of the order. But they say clarification, but it's not clarification. There's no clarification involved in this case at all. In that case there was, because that was the case where it was to run concurrently with, and it was not clear which cases it was to run concurrently, the sentence was to run concurrently with at that point. So that should have been, my point on that, that should have been done through a due process proceeding, but in that case the court did accept it. Wood's claim is a 1983 action. Yes. Does it in any way, are you seeking in any way to impugn his robbery or escape conviction? No. He was lawfully convicted for robbery. Does Wood's claim challenge the 27 year sentence that my old and he does not challenge that sentence at all. In fact you're trying to affirm that sentence. He's trying to affirm that sentence and enforce that sentence because by that sentence he would have been a free man in October of 2009. Now actually my complaint says October 2009, I've learned subsequently there were 49 additional days in there, so it's not 500, those were regarded for robbery. You're talking about a year and three months, a year and four months? We're talking about 503 days he was wrongfully held rather than 552 as I said. But we do not Mr. Woods does not impugn that 27 year sentence. He does not attack it in any way. He seeks to uphold it. As a matter of fact, it seems to me that the appellees seek to attack it and seek to say that hey it was wrong. It should have been longer. Well they're saying that it's that illegal. So how did the district court go down this heck versus Humphrey bill? Where did that come from? Was that argued by the Commonwealth I guess? It was argued by the Commonwealth in the lower court and the court granted it a motion for judgment on pleadings and I argued against it making these arguments here. I mean even within heck Justice Scalia says the district court must consider whether a judgment in favor of Woods in this case would necessarily imply the invalidity of his conviction for the robbery and the escape or his sentence of 27 years. But if it will not demonstrate the invalidity of any outstanding criminal judgment against plaintiff, the action should be allowed to proceed. That's Justice Scalia in heck. I mean the only applicability here that I can see of heck is not heck but the explicit heck exception that's acknowledged in a heck opinion. Yes. Right? Right. So the issue here is whether Woods comes under that exception. Whether he comes within that heck exception and we argue that indeed he does. And if I may just the second problem Sometimes a good idea to sit down even if your green light is just radiating fluorescent green light bulbs all over the room it's sometimes a good idea to say well if the court has no further questions I will sit down and rest in my brief.  Oh we're just tickled silly to have you here. We'd even be sillier if you would just sit down and let us know if Mr. Muriceli has those. And if you keep going I'm sure we'll have more to ask. I thank the court. We may manage to snatch defeat from the jaws of victory. Good morning, Your Honor. Good morning. I'm Alexander Muriceli for the Appellate Justice Council. Can you say that again? It's Muriceli? Yes, Your Honor. Thank you. Help us understand we're in the world. I was going to say we're in the heck. Where did heck come from? I don't get that at all. In this case you rehearsed that this morning. Enough times. I didn't have enough time. Off the bench I don't use words like heck. We have consistently argued that heck applies to this case. How? How in the world does it apply except to a law to a foreman? Here is our explanation for your consideration. And that is that if you look at Wilkinson v. Dotson in specific which is cited by an unpublished non-precedential decision of your court, Royal v. Durison, in which you sat on the bench, although the opinion was authored by your colleague Judge Fischer. 2007 decision. The Wilkinson language which was snatched on by the opinion in Royal v. Durison, which involves an identical set of circumstances to what we have here, emphasizes that the scope or the breadth of the rule in Heck v. Humphrey extends beyond the validity of the conviction itself beyond the validity of this sentence in more broad terms to incorporate the duration of confinement conferred by the terms of the sentence. And that's a direct quote from Wilkinson v. Dotson that was adopted by the unpublished opinion in Royal v. Durison to apply Heck v. Humphrey to a situation just like the one we have here where there was an attack on the calculation of credit for time served versus the terms of the sentence. And in that case, just like we have here, the appellant, Mr. Royal, had failed to achieve a recognition of his position that he was entitled to credit and his sentence in terms of its duration should have been what he wished prior to maximizing and serving his sentence in full. So at that point, he lacked the ability to actually do that. Nevertheless, the rule in Heck v. Humphrey was held in Royal v. Durison to bar him because he was unable to achieve a favorable termination from... When we make cases non-presidential, we do that for a reason. If we could ever develop a practice, which in theory we're supposed to be doing when we adopted non-presidential opinions, of writing them in such a way that they have absolutely no capability of being cited in the future by not putting any facts, just throwing in black letter law for a page and a half, we'd avoid these kinds of problems. But it seems to me that it's clear, Royal notwithstanding, the purpose of Heck is to prevent a situation where a defendant can go into court and deep-six either his or her conviction or his or her sentence especially under 1983, either by habeas or by 1983. This is really, as Jerry Smith pointed out, this is really a 1983 action. We're not talking any kind of indicia of habeas here. No, this is a money damage as your Honor. If I may inform you on that point. And what he's saying is I was sentenced to no less than X no more than Y years. That's all I'm asking for. I want the sentence that the court gave me. The defendant prohibited the court's sentence from being applied to me as the judge intended it, in their form entitled to money damages for the compensation of my loss of liberty and trust. Exactly what Heck said. Heck said that the court wasn't going to allow plaintiffs to go in and attack the validity of their confinement or 1983. Well, he's not doing that. He's asking for the sentence of the court to be vindicated. A clerical individual named Gill in the Department of Corrections took it upon herself to act as a judge on that particular day and decide, well, the judge's sentence is illegal. I'm not going to obey this order because I don't think it's a legal order. And she therefore sentences him, literally sentences him, to an additional about a year and a half more than the I believe she was simply doing her job. Well, what is her job? Her job is to, under those circumstances, if I may answer the question,     her job is to interpret the terms of the sentence and apply them in terms of both what is written and what the law requires. She is not permitted and she is not required to honor an illegal sentence. Who determines if it's illegal? Pardon me? Who makes that determination? Who determines whether or not a child court's order is illegal? If on its face, she can determine the fact that it was illegal. In this case, he's going to get... Why would she do that on his face? Because she has to go beyond the face to find out that he was serving time on another sentence at the time that he committed the burglary, in this case, in the escape charge. She can't do that on the face of the order. She can do that on the basis of his array of sentences and the record of his service of sentences. Woods was advised, was he not, you were awarded credit by the judge because you were already serving another sentence. You were not entitled to credit. I think that's what's correct. Correct. At page 15 of the blueprint. Yes. Now, you don't dispute, I assume, that Judge Dower, on the face of the order, awarded Woods credit for time served from Yes. So, your position is that a bureaucrat had the authority to effectively overrule the grant of credit that a judge who serves under law and under the state constitution had imposed. Under the circumstances, if you look, and this is consistent with our motion for judgment of the pleadings and the standard of review, under the circumstances, he was sentenced for robbery and escape, and he was returned to prison the day after he escaped to continue a sentence. Now, it's plain that you can't get double credit. If you, in fact, what he did in this case was he escaped from jail. It was a community correction center, and he was on pre-release, but it was no less than if he had tunneled under the wall or climbed over it, went out and committed a robbery, and then he was arrested for that. He was charged with escape because he escaped from the prison. Well, that's a long factual recitation, a chronology in response to my question. I think we know what the facts are, so let me return to law, and let's talk about precedential authority in this court. You, along with Mr. Woods, have cited to Gillis and Williams in your brief, I believe. Why should we find Gillis or Williams to be in any way applicable here, such that they would bar Mr. Woods' claim? They were both hybrid cases, weren't they? They were different cases. The one was a parole revocation, and the other one was a sentence where a situation where the individuals could take an ARD, so they were nothing like this case. The only case that's like this case has no precedential value in this court, and the only reason I cited it for you is it's a persuasive worth or not. I prefer the or not part of that. That's fine, Your Honor, I understand, but it's my duty to present that to you, and as long as I identify properly that it's to be analyzed for what it's worth. Perhaps under further scrutiny, it's certainly this court's right and prerogative to not be persuaded by a decision that was tentative in the first place, and merely just decided that particular case. That's all it did. Well, I hope something good will come out of this, and that we can get our NPOs down to what they're supposed to be, and that it's just statements of black-letter law. That's our fault. It is our fault, it really is. If I may suggest, Your Honor, that there is one set of circumstances that ought to be considered in the matrix here, and that is when Mr. Woods discovered in October 6, 2009 that he was not going to be released, he had an opportunity until April 11 of 2011 to force through an action in mandamus us to adhere to his point of view, and he initiated that. He filed a petition for review, and my learned friend has in fact given you the docket site, 681 MD 2010. It's available on the website of the Commonwealth Court. Now, the filings themselves can't be read, but their dates can. In this case, he actually attempted to pursue the favorable termination rule of Heck versus Humphrey, and he was ahead of the game when he quit, because he filed a petition for review. We lost. We filed an answer in new matter. He filed something that the court said was an inappropriate and defective response to the answer in new matter, and the court gave him more time to remedy that defect. Instead, he sat on his hands until such time as the Commonwealth Court non-prossed that case. So in this case, if he were correct or incorrect, that could have been dealt with. So it's his fault that the clerk decided to take it upon herself to act as an appellate judge and reverse Judge Jarvis' sentence. Of course not. I'm just saying that there was an opportunity here, Your Honor, for him to pursue the favorable termination rule. What about the procedure, I think it's Brent that started a procedure where, and I mentioned it to Mr. McClain, where the Department of Corrections can send a letter to the sentencing court asking the court to, quote, clarify beyond the 30-day period. That could have been done here, Your Honor. You might get into the issue of whether or not the court has jurisdiction, because it's a stretch to find out, to read this as a clarification, but the court could easily have done exactly what it intended to by just crafting the sentence differently, knocking a year and a half off of either one of, it wasn't a mandatory, I don't think, was it? No, Your Honor, it wasn't. It could have knocked the time off the robbery or the escape or made part of the, I've never seen this, but I don't think state law would prohibit it, it could make part of the escape charge run concurrently or begin to run at a certain time into the robbery charge. That's awkward, but I don't know what would prevent it. But the judge could have done that had this been called to his attention through a letter from the Department of Corrections, such as was suggested in Grant, but that didn't happen. Meanwhile, this guy's got a year and a half of his life in prison that the court never intended for him to be in prison. In that case, Your Honor, I think you'll see if you look at the Sturgis case, which I sent you under a Rule 28J letter, that it is our policy and practice now never to simply do this unilaterally, like we did in this particular case. And that would be helpful for him in his damages argument to the jury, I'm sure. But it was done in his case. So how do we fix it? And why does Heck v. Humphrey prevent him from fixing it, which I'm really at a loss to find. Well, Heck v. Humphrey, our position is, is a case that requires him, because it's dealt with the terms of the duration of confinement, to have achieved some form of a favorable termination before he can proceed with an action for money damages. He started on that road and was going along quite well and then decided not to. The difference in this case, the problem in this case, which is the 800-pound gorilla in the room that we cannot avoid, is the fact that we believe that ultimately we can demonstrate that that credit was an illegal sentence and that he was not entitled to that credit because he was already on another sentence. As I said, it could have been worked out very easily by the sentencing judge. Assuming it's an illegal sentence, it's clear what the judge had in mind in terms of the amount of time he wanted Woods to serve in prison for the robbery and for the escape chart. And the court could have easily done that, had this procedure been followed, rather than allowing, as my colleague said, some bureaucrat and I don't mean to demean her position by saying that, in the Department of Corrections to unilaterally take it upon herself to refuse to obey a court order and to unilaterally determine that, well, the judge's order was illegal. That's exactly why we have courts, so that people don't take it upon themselves to decide what orders they're going to obey and what orders they're not going to obey. If I may briefly respond, her position, which becomes our position, is when you see somebody getting double credit that's illegal and that's simply a null term and she didn't need to proceed with that. That was the position she took at the time. I can't change that fact. I think, though, that there's a limit on what a court can do to recast the I think the court could have done what my learned friend suggests and reduced the robbery sentence or the escape sentence accordingly but the court could never give him credit for time served when he was already serving another sentence during that time. It's easy to do it by how much time you give and the way you impose it just on these two sentences. You're free to do that. As I said before, you just knock a year and a half off of either the robbery or the escape or you order that the second charge, which you're running consecutively, begin to start at a particular time into the robbery charge. It doesn't seem to happen but, again, I don't know why Pennsylvania law would prohibit it. I've come up with some really weird sentences in the ten years I was on the Calhoun Police Court and this would not be nearly as weird as some of the things that I did and would never have responded. There certainly are ways to make sure that in the grand scheme of things, for all that Mr. Woods cares about he could get that time reduced from his overall amount of time in prison but I don't think he can ever get it as credit for time served when he was serving another sentence. It has to be theorized. It has to be theoretically justified in some other time. That's right and that's why the court had the letter been sent rather than Ms. Gill deciding to disobey a court order the judge could have clarified it that way even though it passed the 30th day. That would have been a stretch but I am sure the Superior Court would not have had a problem with that because I've had a lot of experience with those kinds of sentences and they will bend over backwards to try to honor the sentencing court's intent as long as they can. I agree with your honor. I'm just trying to say though that it's like so many other things in the law, it's a matter of the right label. Thank you. Thank you. It's been my privilege. Mr. McLean, have we said anything to suggest that you need to put your foot back in the water or do you want to rest on your argument? I'll leave my foot where it is, sir. Okay, thank you. You did mean both of them, I assume. Thank you. Thank you, Mr. McLean and Mr. Morrissey. Am I saying that correctly? Yes, you are. Take the matter into advisement. Thank you very much. Next matter is Popoka v. Hertford Light.